IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT EARL ROBINSON                                                              PETITIONER

v.                                             Case No. 1:23-cv-01096

DEXTER PAYNE, Director of the
Arkansas Division of Correction                                                   RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 25, 2023, Robert Earl Robinson ("Robinson") filed a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241.[1] ECF No. 1. The Court granted Robinson's Motion to proceed *in forma pauperis* and ordered Robinson to provide more information about the sentence he is challenging. ECF No. 4.[2] When Robinson failed to respond to the Order, the undersigned recommended Robinson's Petition be dismissed for failure to prosecute. ECF No. 9. Robinson then filed an "Objection" to clarifying his original Petition and attempting to provide the information sought in the Court's Order. ECF No. 10. United States District Judge Susan O. Hickey declined to adopt the Report and Recommendation. ECF No. 11. The Court then ordered a response from Respondent, Dexter Payne. ECF No. 12. Respondent filed his Response to the Petition[3] on May 6, 2024. ECF No. 16. This matter is now ripe for consideration.

The Petition was referred for findings of fact, conclusions of law, and recommendations for

---

[1] A review of the Petition shows Robinson is seeking to have his sentence overturned based on allegations that his trial counsel was ineffective. Accordingly, the Court considers the Petition as one filed pursuant to 28 U.S.C. § 2254.
[2] The Court determined it was unclear which conviction Petitioner was challenging. Accordingly, the Court ordered Petitioner to supply the Court with the following information by December 7, 2023: (1) whether he was challenging a state or federal conviction; (2) if he was challenging a state conviction, the full details of the case, including case number and specific court of conviction; (3) state the date he was convicted and the length of his state court sentence; (4) whether he appealed his state court conviction or filed for post-conviction relief and the result of such requested relief (if any was filed); (5) whether he will be released to the Arkansas Department Correction upon the completion of his federal sentence (if any); and (6) the time he will have remaining in state custody (including any period of parole or probation) after his release from the custody of the Federal Bureau of Prisons. Petitioner failed to produce the information by the Court's imposed deadline.
[3] Hereinafter, "Petition" refers to the initial Petition (ECF No. 1) and the "Objection" (ECF No. 10) filed by Robinson in response to the original recommendation of dismissal.

the disposition of the case. The Court has reviewed the Petition, Objection, and Response and finds the Petition should be **DENIED**.

I. BACKGROUND[4]

On October 24, 2022, Robinson entered a negotiated plea of guilty to possession of methamphetamine or cocaine with intent to deliver and to use or possession of paraphernalia to manufacture in the Circuit Court of Ashley County, Arkansas, Case Number 02CR-22-142. He received concurrent sentences of 96-months on each conviction, followed by 60-months suspended imposition of sentence. ECF No. 16-1. Because Robinson pled guilty, he was not entitled to a direct appeal. Ark. R App. P.-Crim. 1(a) (2016). Robinson did not seek any state post-conviction relief pursuant to Rule 37.

In his Petition, Robinson states he is challenging his state conviction and sets forth 4 grounds to support his claim that he is being held in violation of the Constitution, laws, or treaties of the United States. Robinson describes the grounds for his Petition in part as follows:

> GROUND ONE: Attorney … on date of Oct. 23, 2022 unprepared for my hearing held for sentencing …Sixth Admendment violation of the law were committed [by counsel] whom never gave me my discover to let me know Who, When and What took place during my arrest and charges …
>
> GROUND TWO: Attorney … ineffective assistance were committed due [unintelligible] non-disclosure to client Robert Robinson terms of pleas … cost … Robinson 39 years suspended sentence which violated his due-process rights cause non of the terms were explained in depth to client …
>
> GROUND THREE: Attorney … refused to [unintelligible] copy of the pleas during or after sentencing … The records of hearing proves … Robinson claims or facts of constitutions violation of law practice under the Arkansas …
>
> GROUND FOUR: Attorney … whom represented me at sentencing has deprived me of my constitutional rights due-to-counseolor being unperparred …

ECF No. 1, pp. 6-7.

---

[4] The Background is taken from the docket and the pleadings filed in this case.

Respondent argues the instant Petition must be dismissed because: 1) Robinson failed to file a Rule 37.1 Petition in Arkansas state court, and therefore his grounds for *habeas* relief are procedurally defaulted; and 2) Robinson fails to demonstrate any cause to excuse the procedural default. ECF No. 16.

**II.     APPLICABLE LAW**

A *habeas* petitioner must first "fairly present" his claims in state court before seeking § 2254 relief in federal court. *Murphy v. King,* 652 F.3d 845, 848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus … shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). By exhausting all available state court remedies, a *habeas* petitioner gives the State that convicted him an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan. v. Henry,* 513 U.S. 364, 365 (1995) (*per curiam*). When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman. v. Thompson,* 501 U.S. 722, 731-32 (1991).

The Arkansas Supreme Court has repeatedly held allegations of ineffective assistance of counsel are not cognizable in *habeas* proceedings and can only be pursued in a Rule 37 proceeding. *Smith v. Hobbs,* 2012 Ark. 18, *4 (refusing to consider an inmate's petition for writ of *habeas corpus* challenging trial counsel's effectiveness, holding *habeas corpus* "is not a substitute for pursuing postconviction relief" under Ark. R. Crim. P. 37.1)

When a procedural default occurs, federal *habeas* review of the claims is barred unless the *habeas* petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law or demonstrate the failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. at 750. Procedural default cannot be excused except under the narrow equitable grounds recognized in *Martinez v. Ryan,* 566

U.S. 1 (2012) which explicitly does not apply to claims of trial error like the ones Robinson is asserting. Moreover, *Martinez* does not apply to his ineffective assistance of counsel claim. *See, e.g. McCullough v. Kelley,* No. 5:15-CV-00162, 2016 WL 1039521, at *2 (E.D. Ark. Feb. 25, 2016) ("*Martinez* does not apply in this case because Petitioner did not file a Rule 37 petition."), Report and Recommendation adopted by 2016 WL 1047369; *Willis v. Kelley,* No. 5:16-CV-05101, 2017 WL 906979, at *4 (W.D. Ark. Feb. 17, 2017), Report and Recommendation adopted by, 2017 WL 901899 (W.D. Ark. Mar. 7, 2017).

### III.   DISCUSSION

Because Robinson entered a plea of guilty, he was not entitled to file a direct appeal under Arkansas law. The only recourse available to Robinson at that juncture was to file and pursue a Rule 37 petition which had to be filed within 90 days of the entry of the judgment against him. *See* Rule 37.2(c)(i). Robinson's judgment was entered on October 25, 2022. Accordingly, he had until January 23, 2023, to timely file a Rule 37 petition in the state trial court where he was convicted if he desired to challenge his conviction. Here, the record shows Robinson did not file a Rule 37 petition prior to the January 23, 2023, deadline or anytime thereafter before he sought federal *habeas* relief with this Court.

As previously discussed, the failure to file a timely Rule 37 petition pursuing claims of ineffective assistance of trial counsel in the Arkansas state courts results in a procedural default when a federal habeas petitioner attempts to raise the claims in a § 2254 petition. *See Walker v. Lockhart,* 852 F.2d 379, 381 (8th Cir. 1988), *cert. denied,* 489 U.S. 1088 (1989). Because Robinson did not raise his claims for ineffective assistance of counsel in a Rule 37 petition in state court, those claims are procedurally defaulted here.

Robinson does not offer any legal reason justifying any excuse for his procedural default. He does claim he suffers from a condition he describes as "depersonalization". However, he only

4

states this condition is a "liability for [the] Warden and staff." ECF No. 1, pp. 1-2. Even if "depersonalization" is a mental illness, the law is clear - for a mental illness to constitute cause and prejudice to excuse procedural default, there must be a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief. *See Garrett v. Groose,* 99 F.3d 283, 285 (8th Cir. 1996). Robinson has not alleged he was unable to purse Rule 37 remedies because of this alleged condition. Furthermore, in this case logic dictates that Robinson's alleged condition is not a cause to excuse his procedural default as Robinson was able to file the instant § 2254 petition, and file an objection articulating his arguments.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court recommends Robinson's Petition (ECF No. 1) be **DENIED** and dismissed with prejudice.[5]

The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 20th day of May 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984)*.*